UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-0055 FMO (DFMx) | Date | March 31, 2025 |
|---|---|---|---|
| Title | Craig A. Matheny v. Lin Shuying | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Motion for Default Judgment

Having reviewed and considered the briefing filed with respect the Motion for Default Judgment (Dkt. 32, "Motion"), filed by Craig A. Matheny ("plaintiff" or "Matheny"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

On January 26, 2024, Matheny, appearing pro se, filed the operative Amended Complaint ("FAC") against Lin Shuying ("defendant") alleging violations of the Copyright Act of 1976, 17 U.S.C. § 101, et seq. (See Dkt. 10, FAC at 3). Plaintiff alleges that defendant has infringed an instructional sheet in connection with the sale of products on Amazon, eBay, and Google Shopping under various names, including "Grab Bar Mounting Kit Anchors for Installing Grab Bar to Studs." (See id. at 4). The infringement includes "text excerpts to modified versions of [the] images[.]" (Id.). Plaintiff seeks statutory damages, injunctive relied, and punitive or exemplary damages of $100,000. (See id.).

Plaintiff served defendant with the summons and FAC on September 9, 2024, via the Hague Convention. (See Dkt. 24, Proof of Service at ECF 2). After defendant failed to respond or otherwise appear in this action, (see, generally, Dkt.), the court entered default against defendant on December 10, 2024. (See Dkt. 28, Court's Order of December 10, 2024). Plaintiff filed the instant Motion. (See Dkt. 32).

## LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After the Clerk enters default pursuant to Rule 55(a),[1] the court may enter a default judgment against the party.

---

[1] Any reference to "Rule" herein refers to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-0055 FMO (DFMx) | Date | March 31, 2025 |
|---|---|---|---|
| Title | Craig A. Matheny v. Lin Shuying | | |

Fed. R. Civ. P. 55(b)(2). "Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages." PepsiCo, Inc. v. California Sec. Cans, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (same). The scope of relief is limited to the specific demand in the complaint. See Fed. R. Civ. P. 54(c).

Even where well-pleaded allegations exist, "[t]he district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion as to whether default judgment should be entered, the court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (the "Eitel factors").

**DISCUSSION**

I.  LOCAL RULE 55-1.

In this District, applications for default judgment must include: "(a) [w]hen and against what party the default was entered; (b) [t]he identification of the pleading to which default was entered; (c) [w]hether the defaulting party is an infant or incompetent person[;] (d) [t]hat the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) [t]hat notice has been served on the defaulting party if required by F.R.Civ.P. 55(b)(2)." L.R. 55-1.

Here, plaintiff has satisfied the procedural requirements for entry of default judgment. Specifically, plaintiff has established that: (a) the court entered default against defendant on December 10, 2024, (see Dkt. 28, Court's Order of December 10, 2024)); (b) the default was based on defendant's failure to respond to the FAC, (see id.); (c) defendant is not an infant nor an incompetent person, (see Dkt. 33, Memorandum of Points and Authorities ("Memo") at ECF 4); (d) defendant is not in active military service, (see id.); and (e) defendant was served with the Summons and FAC. (See Dkt. 24, Proof of Service at ECF 2).

II. THE EITEL FACTORS.

Having concluded that default was properly entered, the court will now determine whether to enter default judgment against defendant.

    A.    The Possibility of Prejudice to Plaintiff.

The first Eitel factor considers whether plaintiff will suffer prejudice if default judgment is not entered. Here, plaintiff would suffer prejudice if default judgment is not entered because he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-0055 FMO (DFMx) | Date | **March 31, 2025** |
|---|---|---|---|
| Title | **Craig A. Matheny v. Lin Shuying** | | |

"would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." Electra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Accordingly, this factor weighs in favor of granting default judgment.

     B.    The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint.

"Under an Eitel analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F.Supp.2d 1038, 1048 (N.D. Cal. 2010). These two factors require a plaintiff to "state a claim on which the [plaintiff] may recover[.]" See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

To prevail on his copyright infringement claim, plaintiff must show "(1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 984 (9th Cir. 2017) (internal quotation marks omitted). "[A] striking similarity between the works may allow an inference of copying." Id. at 985 (internal quotation marks omitted). Here, plaintiff alleges that he owns the copyright to the instructional material relating to grab bars, (see Dkt. 10, FAC at ECF 4); (see also Dkt. 34, Declaration in Support of Motion for Default Judgment ("Matheny Decl.") at ¶ 5 & Exh. C) (U.S. Copyright Reg. No. TX 9-224-410, The Solid Mount Instructions), and that defendant violated his intellectual property rights by marketing products, such as the "Grab Bar Mounting Kit Anchors for Installing Grab Bar to Studs[,]" which includes instructional sheets that incorporate plaintiff's copyright. (See Dkt. 10, FAC at ECF 4); (see also Dkt. 34, Matheny Decl. at ¶ 4 & Exh. B) (images of infringing work). This is sufficient to state a claim for copyright infringement. In short, the court is persuaded that plaintiff has sufficiently alleged that defendant violated the Copyright Act, 17 U.S.C. §§ 101, et seq.

     C.    The Amount of Money at Stake.

Under the fourth Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002). Here, plaintiff seeks $100,000 in statutory damages, and $1,295 in costs. (See Dkt. 33, Memo at ECF 8). The amount of money at stake is reasonable in relation to defendant's conduct, and does not weigh against the entry of default judgment.

     D.    The Possibility of a Dispute Concerning Material Facts.

Upon entry of default, the well-pled allegations in the complaint are taken as true, except those relating to damages. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). In addition, "[t]he district court is not required to make detailed findings of fact." Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Since defendant never answered or otherwise appeared in this action, (see, generally, Dkt.), it is unclear whether there would be any genuine dispute over material facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-0055 FMO (DFMx) | Date | March 31, 2025 |
|---|---|---|---|
| Title | Craig A. Matheny v. Lin Shuying | | |

E.   Whether the Default Was Due to Excusable Neglect.

The determination of "what sorts of neglect will be considered 'excusable'" is "an equitable one, taking account of all relevant circumstances[.]" Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 (1993).  Here, there is no evidence that defendant failed to defend this action due to excusable neglect.  Defendant received notice of the FAC, (see Dkt. 24, Proof of Service at ECF 2), and failed to respond or otherwise defend herself despite having notice of this action.  (See, generally, Dkt.).  In short, this factor weighs in favor of default judgment.

F.   The Strong Policy Favoring Decisions on the Merits.

"Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, "this preference, standing alone, is not dispositive."  Kloepping v. Fireman's Fund, 1996 WL 75314, *3 (N.D. Cal. 1996).  Defendant's failure to answer the FAC makes a decision on the merits impractical, if not impossible.  See PepsiCo, Inc., 238 F.Supp.2d at 1177.  Under Rule 55(b), termination of a case before hearing the merits is permitted whenever a defendant fails to defend an action.  See Fed. R. Civ. P. 55(b).  The court therefore finds that entry of default judgment is appropriate in this action.

G.   Summary of Eitel Factors.

On balance, the Eitel factors weigh in favor of granting default judgment.  The court addresses requested remedies below.

III.   REMEDIES.

A.   Statutory Damages.

A plaintiff seeking default judgment is "required to prove all damages sought in the complaint."  Philip Morris USA, Inc. v. Castworld Prods, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003).  However, where, as here, a plaintiff chooses to recover statutory damages, actual damages need not be proven.  See Columbia Pictures Tel., Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001) ("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits.") (internal quotation marks omitted).  "If statutory damages are elected, [t]he court has wide discretion in determining the amount of statutory damages to be awarded[.]"  Id. (internal quotation marks omitted).

Under the Copyright Act, a plaintiff "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  "In a case where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-0055 FMO (DFMx) | Date | **March 31, 2025** |
|---|---|---|---|
| Title | **Craig A. Matheny v. Lin Shuying** | | |

the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1238 (E.D. Cal. 2008) (internal quotation marks omitted).

"[I]n awarding statutory damages, federal district courts in California have considered whether the amount of a requested statutory damages award bears a 'plausible relationship' to the plaintiff's actual damages." Nexon Am. Inc. v. Kumar, 2012 WL 1116328, *7 (C.D. Cal. 2012); see Microsoft Corp. v. Ricketts, 2007 WL 1520965, *4 (N.D. Cal. 2007) (in a copyright infringement action, the court stated "[i]n calculating statutory damages, some courts have looked to estimates of actual damages"). Under the circumstances, the court is persuaded that plaintiff's request for statutory damages in the amount of $100,000 is excessive and would result in a windfall for plaintiff. See, e.g., Microsoft Corp., 2007 WL 1520965, at *4 ("Statutory damages are intended to serve as a deterrent, but that does not justify . . . a windfall."). According to plaintiff, his actual damages are $52,010.43, (see Dkt. 33, Memo at ECF 7-8), but plaintiff does not indicate how often defendant infringed his copyright, (see, generally, id.), and how he arrived at the $52,010.42 in actual damages. (See, generally, id.); (Dkt. 34, Matheny Decl. at ¶ 9 & Exh. h, I, J) (no analysis provided of the invoices attached as exhibits). The court, in the exercise of its "wide discretion," believes that $20,000 is the proper amount to award in this case. See Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984) (stating that the court has "wide discretion in determining the amount of the statutory damages to be awarded, constrained only by the specified maxima and minima").

B. Costs.

In addition to statutory damages, plaintiff seeks costs in the amount of $1,295. (See Dkt. 33, Memo at ECF 7-8); (Dkt. 34, Matheny Decl. at ¶ 8 & Exh. F&G). The court finds the costs incurred reasonable and will award the amount requested.[2]

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

---

[2] Plaintiff also seeks injunctive relief, (see Dkt. 33, Memo at ECF 7-8), but fails to address the requirements for the imposition of such an injunction. (See, generally, id.). Accordingly, the court declines to enter a permanent injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 24-0055 FMO (DFMx) | Date | March 31, 2025 |
|---|---|---|---|
| Title | Craig A. Matheny v. Lin Shuying | | |

    1.  Plaintiff's Motion for Entry of Default Judgment (**Document No. 32**) is **granted in part and denied in part**.  Judgment shall be entered in favor of plaintiff Craig A. Matheny and against defendant Lin Shuying in the amount of $20,000 in statutory damages.  Defendant is also ordered to pay costs in the amount of $1,295.

    2.  Plaintiff shall serve defendant with a copy of this Order and the Judgment filed contemporaneously with the filing of this Order in such a manner as to make them operative in any further proceedings.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |